## IN RE BROWN.

The head-note to this case will be found on page 664, *ante.*

Mr. Justice Bradley, continuing, stated the case as follows:

The next case to be considered is that of *Ex parte Brown*, which was an application of the petitioner, Brown, to the Circuit Court of the United States for the Eastern District of Virginia, to be discharged from imprisonment in the custody of R. A. Carter, the sergeant of said city and *ex officio* jailer thereof. The petition sets forth that the petitioner was sentenced by the hustings court of the city of Richmond to pay a fine of $25.00 and costs, amounting to $26.70, and to remain in the jail of the said city until the same should be paid, in the custody of the said sergeant; that on the 3d of July, 1889, he tendered W. P. Lawton, clerk of the hustings court, in pay-

ment of said fine, eighteen dollars in coupons and $8.70 in lawful money of the United States; that each of said coupons was cut from a bond issued by the State of Virginia under the act of March 30, 1871, and was overdue, and bore upon its face the contract of the State that it should be receivable in payment of all taxes, etc.; that the clerk refused to receive said coupons and money in payment of said fine and costs, because certain acts of the General Assembly of Virginia forbade him so to receive them; that thereafter, on the same day, he tendered the same coupons and current money to Carter, sergeant as aforesaid, and demanded his release from custody; that said sergeant also refused to receive said coupons and money in payment of said fine and costs, and he refused the same because the coupons so tendered by the petitioner became due prior to the 1st day of July, 1888, and because section 415 of the Code of Virginia of 1887 prohibits the receipt of any coupons of said State which became due prior to July 1st, 1888, as those tendered did; that said section 415 is repugnant to the Constitution of the United States; and that the petitioner is therefore detained in said jail and in custody of said sergeant in violation of the said Constitution. The petitioner therefore prayed a *habeas corpus* to be directed to the said Carter, sergeant as aforesaid, and that he be discharged from custody. The writ being issued, Carter made return thereto in substance as follows: He annexed to said return a copy of the judgment and order of the hustings court of Richmond committing the petitioner to the jail of the city until he should pay a certain fine imposed upon him, as stated in the petition. He admitted that on the 3d of July, 1889, the petitioner tendered the coupons and money set out and described in his petition, to the clerk, Lawton, who refused to receive the same; and that on the 3d of July, 1889, the petitioner tendered to him, Carter, $8.70 in current money of the United States, and eighteen dollars in coupons purporting to be detached from bonds of the State of Virginia; but he denied that they were genuine coupons legally receivable. He further stated in his return that, by section 415 of the Code of Virginia of 1887, it is provided that no petition shall

be filed or other proceeding had to try whether any paper printed, written, engraved or lithographed, purporting to be a coupon detached from any bond of said State, is a genuine coupon legally receivable for taxes, debts or demands of the said State, where said coupon became due prior to July 1, 1888, unless said petition was filed or proceeding had within one year from July 1, 1888; and he charged the fact to be that the coupon held by the petitioner became due prior to July 1, 1888. The court below refused to discharge the prisoner, holding that section 415 of the Code of 1887 is not repugnant to the Constitution of the United States. The petitioner thereupon appealed to this court, and the question is as to the constitutionality of the section referred to.

We have already set forth the provisions of this law in a former part of this opinion, it being the act passed February 27, 1886, and afterwards incorporated into the Code of 1887, as section 415. Under the operation of this act, after the 1st day of July, 1889, of course, all coupons that were then more than a year past due were absolutely precluded from being used in payment of dues to the State, as provided for in the act of 1871. Considering the obstacles which had been interposed in the way of their use for that purpose, it is not difficult to imagine that a very large proportion of the coupons attached to the bonds of 1871 had not been presented, or, if presented, had not been received for taxes prior to the date referred to.

*Mr. Daniel H. Chamberlain* and *Mr. William L. Royall,* for plaintiff in error.

*Mr. R. A. Ayers,* Attorney General of the State of Virginia, and *Mr. J. Randolph Tucker* for defendant in error.

The real question involved and intended to be raised in the record is the constitutionality of section 415 of the Code of Virginia. The act which was incorporated into the Code, forming the said section, was approved February 26th, 1886 — more than three years before the tender in the present case.

The coupon holder was warned in advance that from and

after July 1, 1888, he would only have one year within which to institute proceedings to have his coupons declared genuine and received for taxes or other debts or demands due the Commonwealth. The statutes deprive the coupon holder of no right which he enjoys under his contract. His coupon, if genuine, is received in a proper proceeding to enforce its payment. The courts of the State are open for the prosecution of his claim. If the State does not pay his interest coupons at maturity, he may institute suit and recover judgment against her so as to prevent the bar of the statute of limitation. Chapter 32 of the Code of Virginia continues in force statutes which have been upon the books for more than fifty years, under which any claimant may sue the State in the Circuit Court of the city of Richmond, and have the validity of his claim adjudicated. This is in addition to the other modes provided by which he may have the genuineness of his claim established.

This court has often decided that statutes of limitation affecting existing rights are not unconstitutional, if a reasonable time is given for the commencement of an action before the bar takes effect; and it is difficult to see why if the legislature may prescribe a limitation where none existed before, it may not change one which has already been established. The parties to a contract have no more a vested interest in a particular limitation which has been fixed than they have in an unrestricted right to sue. *Terry* v. *Anderson*, 95 U. S. 628; *Hawkins* v. *Barney*, 5 Pet. 457; *Bronson* v. *Kinzie*, 1 How. 311; *Christmas* v. *Russell*, 5 Wall. 290; *Jackson* v. *Lamphire*, 3 Pet. 280; *Sohn* v. *Waterson*, 17 Wall. 596. There has always been a statute of limitation in favor of the Commonwealth in Virginia. See section 751, Code, edition 1887; *Idem*, section 770; *Idem*, section 3432. The period within which suits are required to be instituted or claims presented has been shortened, but ample time is given by the statute under examination, within which to prosecute the claim. Cooley's Const. Lim. p. 365.

MR. JUSTICE BRADLEY, continuing, delivered the opinion of the court.

In Re Brown.

The passage of a new statute of limitations, giving a shorter time for the bringing of actions than existed before, even as applied to actions which had accrued, does not necessarily affect the remedy to such an extent as to impair the obligation of the contract within the meaning of the Constitution, provided a reasonable time is given for the bringing of such actions. This subject has been considered in a number of cases by this court, particularly in *Terry* v. *Anderson*, 95 U. S. 628, 632, and *Koshkonong* v. *Burton*, 104 U. S. 668, 675, where the prior cases are referred to. In *Terry* v. *Anderson*, Chief Justice Waite, speaking for the court, said: "This court has often decided that statutes of limitation affecting existing rights are not unconstitutional, if a reasonable time is given for the commencement of an action before the bar takes effect. *Hawkins* v. *Barney*, 5 Pet. 457; *Jackson* v. *Lamphire*, 3 Pet. 280; *Sohn* v. *Waterson*, 17 Wall. 596; *Christmas* v. *Russell*, 5 Wall. 290; *Sturges* v. *Crowninshield*, 4 Wheat. 122. It is difficult to see why, if the legislature may prescribe a limitation where none existed before, it may not change one which has already been established. The parties to a contract have no more a vested interest in a particular limitation which has been fixed than they have in an unrestricted right to sue. . . . In all such cases the question is one of reasonableness, and we have, therefore, only to consider whether the time allowed in this statute is, under all the circumstances, reasonable. Of that the legislature is primarily the judge; and we cannot overrule the decision of that department of the government unless a palpable error has been committed."

The court in that case held that the period of nine months and seventeen days given to sue upon a cause of action which had already been running nearly four years, was not unconstitutional. The liability in question was that of a stockholder under an act of incorporation for the ultimate redemption of the bills of a bank which had become insolvent by the disaster of the civil war. The legislature of Georgia, on the 16th of March, 1869, passed a statute requiring all actions against stockholders in such cases to be brought by or before the 1st of January, 1870.

In Re Brown.

In the case of *Koshkonong* v. *Burton*, the suit was brought upon bonds of the town of Koshkonong issued January 1, 1857, with interest coupons attached. The coupons matured at different dates from 1858 to 1877. The action was brought on the 12th of May, 1880, and the question was whether the action as to the coupons maturing more than six years before the commencement of the suit was barred by the statute of limitations of Wisconsin. In March, 1872, an act was passed to limit the time for the commencement of actions against towns, counties, cities and villages, on demands payable to bearer. It provided that no action brought to recover money on any bond, coupon, interest warrant, agreement or promise in writing made by any town, county, city or village, or upon any instalment of the principal or interest thereof, shall be maintained unless the action be commenced within six years from the time when such money has or shall become due, when the same has been made payable to bearer or to some person or bearer, or to the order of some person, or to some person or his order; provided, that any such action may be brought within one year after this act shall take effect. This court, speaking by Mr. Justice Harlan, said: " It was undoubtedly within the Constitutional power of the legislature to require, as to existing causes of action, that suits for their enforcement should be barred unless brought within a period less than that prescribed at the time the contract was made or the liability incurred from which the cause of action arose. The exertion of this power is, of course, subject to the fundamental condition that a reasonable time, taking all the circumstances into consideration, be given by the new law for the commencement of an action before the bar takes effect. Whether the first proviso in the act of 1872, as to some causes of action, especially in its application to citizens of other States holding negotiable municipal securities, is, or not, in violation of that condition, is a question of too much practical importance and delicacy to justify us in considering it unless its determination be essential to the disposition of the case in hand; and we think it is not." The case was decided without determining the question referred to.

A question of the same nature frequently arises upon statutes which require the registry of conveyances and other instruments within a limited period prescribed, and making them void, either absolutely or in their operation as against third persons, if not recorded within such time. Such laws, as applied to conveyances and other instruments in existence at the time of their passage, are, of course, retrospective in their character, and may operate very oppressively if a reasonable time be not given for the registry required. This subject was discussed in the case of *Vance* v. *Vance*, 108 U. S. 514, Mr. Justice Miller delivering the opinion of the court, where the prior cases were adverted to and commented upon. The same rule applies in those cases as in reference to statutes of limitation, namely, that the time given for the act to be done must be a reasonable time, otherwise it would be unconstitutional and void.

It is evident from this statement of the question that no one rule as to the length of time which will be deemed reasonable can be laid down for the government of all cases alike. Different circumstances will often require a different rule. What would be reasonable in one class of cases would be entirely unreasonable in another.

It is necessary, therefore, to look at the nature and circumstances of the case before us, and of the class of cases to which it belongs. The primary obligation of the State with regard to the coupons attached to the bonds issued under the act of 1871 was to pay them when they became due; but if they were not paid at maturity the alternative right was given to the holder of them to use them in the payment of taxes, debts, dues and demands due to the State. The very nature of the case shows that such an application of the coupons could not be made immediately or in any very short period of time. If all the bonds were of the denomination of one thousand dollars each, it would require twenty thousand of them to make up the funded debt of twenty millions of dollars. These twenty thousand bonds would be likely to be scattered and dispersed through many States and countries, and it would be impracticable for the holders of them to use the coupons

which the State should fail to pay in cash, in the alternative manner stipulated for in the contract, unless they had a reasonable time to dispose of them to taxpayers. No limitation of time was fixed by the act within which the coupons should be presented or tendered in payment of taxes or other demands. The presumption would naturally be that they could be used within an indefinite period, like bank bills. Under this condition of things, a statute of limitations giving to the holders thereof but a single year for the presentation in payment of taxes of the coupons then in their possession, perhaps never severed from the bonds to which they were attached, and comprising all the coupons which had been originally attached thereto, seems, even at first blush, to be unreasonable and oppressive. Probably not one-tenth, if even so large a proportion, of the bondholders were taxpayers of the State of Virginia. The only way in which they could, within the year prescribed, utilize their coupons, the accumulation perhaps of years, would be to sell and dispose of them to the taxpayers. How this could be done, especially in view of the onerous laws which were passed with regard to the sale of coupons in the State, it is difficult to see. Under all the circumstances of the case, and the peculiar condition of the securities in question, we are compelled to say that in our opinion the law is an unreasonable law and that it does materially impair the obligation of the contract.

We have spoken of the act as limiting, indifferently, the time of tendering the coupons, and the time of commencing proceedings to ascertain their genuineness. Its terms relate only to the latter; and as this proceeding cannot be instituted until the coupons have been tendered, the effect is, to make a tender necessary before the expiration of one year, which can often be done only within a few days, or even hours; since the taxes may become due in that short period, and not become due again until a year afterwards. This puts the unconstitutionality of the act beyond question.

Without further discussion of the subject, we conclude that

*The judgment of the Circuit Court must be reversed, and the same is reversed accordingly, and the cause remanded for the purpose of such proceedings as may be required by law and justice in conformity with this opinion.*