### CHARLES A. PARKER vs. WILLIAM P. JEWETT.

Argued Dec. 12, 1892.    Decided March 13, 1893.

Pleading—Requisites of Setting up Fraud or Deceit. °

An answer setting up fraud or deceit as a defense to an action on a promissory note should show damage therefrom and the extent thereof.

Specific Statements not Aided by General Averment.

Where a party assumes to set forth specifically the facts constituting a defense of want of consideration, and the facts so pleaded are insufficient to establish such defense, the pleading is not aided by a general averment of want of consideration or benefit.

Appeal by defendant, William P. Jewett, from an order of the District Court of Ramsey County, *Brill*, J., made July 9, 1892, denying his motion for a new trial.

On August 22, 1890, defendant bought of plaintiff, Charles A. Parker, stock in a Montana mining corporation called the Crescent Mining Company, and gave him therefor his note for $5,000 and interest, due fifteen months thereafter.   This action was brought upon the note.    Defendant answered that plaintiff represented that the corporation was the owner of one-half of a valuable mining property known as the Crescent Mine, and had a contract for the purchase of the other half; that $9,000 had been expended in developing the mine and in the purchase of machinery.    That defendant was ignorant in the premises, and believed and relied upon these representations, and bought the stock and gave the note therefor.    That the representations were false, and were made to deceive and defraud

him. That he derived no benefit, and received no consideration for the note. He asked judgment that the note be surrendered and canceled. There was no allegation in the answer that the stock was not worth what the defendant agreed to pay for it, or that the corporation did not own other property or mines, or that he had sustained any damage by the false representations, nor did he therein ask that the sale be rescinded, or offer to return the stock.

After hearing the evidence, the Judge directed the jury to return a verdict for plaintiff for the amount of the note. Defendant excepted, moved for a new trial, and being denied, appealed.

*Henry & R. L. Johns* and *M. L. Countryman*, for appellant.

*S. C. Biggs* and *Chas. N. Bell*, for respondent.

VANDERBURGH, J. The only assignment of error requiring attention is the third,—the alleged error of the court in holding the answer insufficient to warrant the admission of evidence. The action is upon a promissory note. The answer sets up as a defense that the note was given for mining stock, and that the defendant purchased the same, relying upon certain representations which he alleges were false and fraudulent, and made with the intent to deceive him.

The answer winds up by stating generally that the defendant had derived no benefit in any way, and had received no consideration whatever, for the note. But the statements in respect to the representations as to the property improvements and proceedings of the mining company alleged to be untrue were such that it was necessary, in order to make out a total or partial defense to the note, to show wherein and how much the defendant was damaged by reason of the alleged fraud. He states that the note was without consideration, but from the nature of the defense set up this is not made to appear. It does not appear that the mine in question has not some value, or that the stock is worthless, or of how much less value it was than the amount paid for it; in other words, it does not show what, or how much, damages defendant has suffered. When the basis of the defense to a promissory note given upon the purchase of property—as, in this case, stock—is fraud and deceit, through which the defend-

ant was induced to purchase that which proves to be of no value, or of less value than contracted to be paid therefor, it is obvious that the facts should be pleaded, whether the defense attempted to be made is complete or partial.

And where a party undertakes to set forth the facts specifically, a defective statement cannot be helped out by a general averment that he has secured no benefit. It seems to us, therefore, as it did to the court below, that the answer is fatally defective.

Order affirmed.

(Opinion published 55 N. W. Rep. 56.)