### SINGER MANUFACTURING Co. *vs.* CHRISTOPHER C. MILLER.

Submitted on briefs Dec. 15, 1892. Decided March 13, 1893.

**Innkeeper's Lien.**

    An innkeeper's lien attaches to goods in the possession of his guest though they belong to a stranger, provided the innkeeper has no notice of that fact.

**Same, for the Bill of a Boarder.**

    But no such lien attaches to goods in possession of one who is received as a boarder, and not as a guest or traveler.

Appeal by defendant, Christopher C. Miller, from a judgment of the District Court of Hennepin County, *Canty,* J., entered September 26, 1892, against him for $46.

Defendant kept a public inn in Minneapolis called the Hotel Grace. On December 1, 1890, Carl Van Raden, his wife and two children were received by defendant as boarders, at $15 per week. They remained until June 8, 1891. Among the effects which they brought to the inn was a Singer Sewing Machine. When they left, Van Raden owed $240.50 balance for their board. The defendant detained his goods, claiming a lien on them for this sum. The plaintiff, the Singer Manufacturing Company, then appeared and demanded the machine, claiming that it owned it and had leased it to Van Raden, and given him an option to buy it for $25. Defendant had not before heard

of this claim, but supposed Van Raden owned the machine. He refused to give it up, and the company brought this action in a Justice's Court, and at the trial proved its ownership, but was there defeated. Plaintiff then appealed to the District Court, where the facts were admitted to be as above stated. The judgment of the justice was reversed, and judgment entered for plaintiff, on the ground that Van Raden was a boarder and not a guest. The defendant appeals to this court.

*Fred C. Cook,* for appellant.

By the common law an innkeeper has a lien upon all the goods of the guest brought to the inn, for board and lodging furnished by him to the guest, at the request of the latter, and this is so, although the goods may not be the property of the guest, but belong to some third person, provided the innkeeper is not aware that the goods are not the property of the guest. 1 Smith's Lead. Cas. (9th Ed.) 259; *Manning* v. *Hollenbeck,* 27 Wis. 202; *Cook* v. *Kane,* 13 Oregon, 482; *Jones* v. *Morrill,* 42 Barb. 623; *Grinnell* v. *Cook,* 3 Hill, 485; *Broadwood* v. *Granara,* 10 Exch. 417; *Threfall* v. *Borwick,* L. R. 7 Q. B. 711.

*Wm. H. Donahue,* for respondent.

A guest has been defined to be a traveler or wayfaring man who comes without any bargain with the innkeeper, remains for an indefinite time, and leaves when he pleases. *Shoecraft* v. *Bailey,* 25 Iowa, 553; *Carter* v. *Hobbs,* 12 Mich. 52.

If a person comes to an inn on a special contract, and is not a traveler or wayfarer, the law treats him as a boarder, and not as a guest, and his goods are not protected as those of a guest, nor are his goods subject to lien for board and lodging furnished. *Lusk* v. *Belote,* 22 Minn. 468; *Moore* v. *Long Beach Dev. Co.,* 87 Cal. 483; *Manning* v. *Wells,* 9 Humph. 746; *Norcross* v. *Norcross,* 53 Me. 163; *Hursh* v. *Byers,* 29 Mo. 469; *Kisten* v. *Hildebrand,* 9 B. Mon. 72; *Ross* v. *Mellin,* 36 Minn. 421; *Hall* v. *Pike,* 100 Mass. 495.

VANDERBURGH, J.    The court below found the facts as stipulated by the parties in the agreed statement of facts, as submitted, and,

as a legal conclusion, that the plaintiff was entitled to judgment. The defendant claimed an innkeeper's lien upon the chattel in controversy, a sewing machine, on the ground that it was brought to his hotel by a guest, who, it now appears, had contracted to purchase the same of plaintiff, but the title had not passed, though the possession had been delivered. The defendant, however, had no notice of the plaintiff's claim, and insists upon his lien thereon, with other goods of the guest, for the amount of his bill.

The plaintiff's counsel does not seriously contest the proposition that an innkeeper may have such lien on goods in the possession of his guest *infra hospitium*, though they belong to a third person, provided the innkeeper has no notice of that fact.

If the innkeeper's liability would attach in case the sewing machine were lost or stolen, it would seem but just to hold that his lien attaches whenever there is a corresponding liability. Schouler, Bailm. § 292; *Manning* v. *Hollenbeck*, 27 Wis. 202; *Threfall* v. *Borwick*, L. R. 7 Q. B. 711.

The respondent, however, claims that the judgment may be supported on the ground that the findings of fact show that the party who brought the machine to defendant's hotel was received as a boarder, and remained there as such, and not as a traveler or guest. The evidence is not here, and so the question is not whether it would support a finding either way, but whether it appears from the stipulated facts, which are adopted as the findings in the case, that he was a guest. "To entitle the defendant to assert his innkeeper's lien, he must have received the property as the goods of a guest, but this does not appear, and there is no such finding." It appears from the agreed statement that he received the party, his wife, and two children as boarders and lodgers, and that they continued to board and lodge with him for about six months at the rate of $15 per week, and that is all. This does not affirmatively establish the relation of guest and innkeeper, so as to subject him to the liability, or give him the rights incident thereto. Error must appear.

Judgment affirmed.

(Opinion published 55 N. W. Rep. 56.)