## RUSSELL v. ST. MARK et al.

(Supreme Court, Appellate Division, Fourth Department. May 5, 1903.)

1. CHATTEL MORTGAGES—EXECUTION BY PARTNERSHIP—FILING.
    Under Laws 1833, p. 402, c. 279, § 2, providing that chattel mortgages shall be filed in the several towns and cities of the state where the mortgagor therein, if a resident of the state, shall reside at the time of its execution, a chattel mortgage executed by a firm consisting of two members, who reside in different places, should be filed in each of the towns where the members reside.

2. SAME—SUBSEQUENT PURCHASERS—MORTGAGEES IN GOOD FAITH.
    Where defendants took a chattel mortgage to secure an antecedent debt, and filed the same in the town where a prior chattel mortgage on the same property in favor of plaintiff was on file, defendants were neither subsequent purchasers, nor mortgagees in good faith, so as to entitle them to priority over plaintiff's mortgage, which was void, as to such purchasers and mortgagees, for plaintiff's failure to file the same in another town, where one of the members of the firm executing the mortgages resided, as required by Laws 1833, c. 279, §§ 1, 2.

3. SAME—CREDITORS.
    Under Laws 1833, p. 402, c. 279, § 1, providing that every chattel mortgage not accompanied by immediate delivery shall be void, as against creditors, unless filed as directed in the succeeding section, subsequent chattel mortgagees, with notice of a prior mortgage, who were not judgment creditors with an execution at the time they claimed a right to the possession of the mortgaged property, were not entitled, as creditors, to allege the invalidity of the prior mortgage, for the mortgagees' failure to file the same as required.

4. SAME—FORECLOSURE—DANGER CLAUSE.
    Where mortgagors, who had given two chattel mortgages on the property in question, had failed in business, and had proposed to surrender the property to plaintiff, who held the first mortgage thereon, and the property was barely sufficient to pay his claim, plaintiff was entitled to

¶ 1. See Chattel Mortgages, vol. 9, Cent. Dig. § 164.

possession, under the danger clause of the mortgage, as against the second mortgagees, though plaintiff's debt had not matured, while defendants' claim was past due.

Spring, J., dissenting.

Appeal from Trial Term, Cayuga County.

Action by Frank S. Russell against Alphonse St. Mark and others. From an order entered on a referee's report in favor of defendants, plaintiff appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

James Wright, for appellant.
Gould & Carpenter, for respondents.

WILLIAMS, J. The judgment should be reversed, and a new trial granted before another referee, with costs to the appellant to abide event.

The action is for the conversion of personal property. The question in controversy was the right to possession, which both parties claimed. The facts are not in dispute. The questions are as to the law.

December 30, 1900, the plaintiff sold to the firm of Burtch & Burgess the property in question for $600, of which $100 was paid down, and a chattel mortgage given for the balance, $500, payable December 3, 1901. Burtch lived at Hancock, Delaware county; and Burgess, at Auburn, Cayuga county. The chattel mortgage was filed in the town of Hancock December 10, 1900, but not in Auburn. November 26, 1900, the firm made a note for $100, payable February 28, 1901, and procured the defendants to guaranty its payment. The firm agreed at the time with the defendants to give them a first mortgage upon the property in question when it came into their possession. On the 21st day of December, 1900, the firm did give the defendants a chattel mortgage, as agreed, and it was filed in the town of Hancock the same day. The note was negotiated at the bank, and when it became due the firm failed to pay it, and the defendants had to pay it. March 1, 1901, the plaintiff, by his agent, took possession of the property, which was turned over to him, and at once commenced proceedings to foreclose the mortgage. On the 7th day of March, 1901, the property was sold under the foreclosure, and bid in for the plaintiff. March 29, 1901, the plaintiff attempted to remove the property, but the defendants took possession of it under their mortgage. The referee further found that the taking possession and sale of the property on foreclosure by the plaintiff were not under the danger clause in the mortgage, but by reason of the mistake of his agent in supposing the mortgage was past due.

Upon these facts, the referee decided that the defendants were creditors of the firm, and, as such, under the statute, were entitled to avoid the plaintiff's mortgage for failure to properly file the same; that the title and right to possession of the property vested in the defendants when their mortgage matured, February 26, 1901, and they could hold the property against the plaintiff, seeking to retain

possession under his mortgage, especially as such mortgage had not matured.

The statute required the filing of plaintiff's mortgage in Auburn, where Burgess resided, as well as in Hancock, where Burtch resided. Laws 1833, p. 402, c. 279, § 2; Bueb v. Geraty (Sup.) 59 N. Y. Supp. 249; Stewart v. Platt, 101 U. S. 731, 737, 25 L. Ed. 816. The mortgage was therefore void as to creditors of the mortgagors and subsequent purchasers and mortgagees in good faith. Laws 1833, p. 402, c. 279, § 1. The defendants were not subsequent purchasers, nor were they mortgagees in good faith, because their mortgage was given to secure an antecedent debt, and because the filing of plaintiff's mortgage in Hancock was notice to them of the existence of the plaintiff's mortgage, which was on file there. Bueb v. Geraty, above, and cases therein referred to. The mortgage was given for an antecedent debt, although the promise was made when the debt was contracted that the mortgage would be given as soon as the firm acquired title to the property. Harder v. Plass, 57 Hun, 540–544, 11 N. Y. Supp. 226, and cases therein referred to.

While the statute was not complied with by plaintiff in filing his mortgage, yet the filing in the town of Hancock, where one member of the firm resided, and where the defendants filed their mortgage, was notice to them of the existence of plaintiff's mortgage when their mortgage was given. The defendants cannot, therefore, be regarded as subsequent mortgagees in good faith, so as to permit them, as such, to allege the invalidity of the plaintiff's mortgage for failure to file the same as directed by the statute. They claim, however, that they occupy the position of creditors to the extent of the $100 owing them, and, as such, are entitled to allege the invalidity of the plaintiff's mortgage, regardless of their knowledge or notice of such mortgage. Even if they may be regarded as creditors, they were not judgment creditors with an execution at the time they claimed a right to the possession of the property. They were not, therefore, in a position, as creditors, to allege the invalidity, as against themselves, of the plaintiff's mortgage. Thompson v. Van Vechten, 27 N. Y. 568–582; Southard v. Benner, 72 N. Y. 424. The fact that they had a mortgage lien upon the property did not enable them to hold the property as creditors, under the statute, against the plaintiff's mortgage. The only case in which it is claimed a doctrine similar to this has been held is State Trust Co. v. Casino Co., 5 App. Div. 381, 39 N. Y. Supp. 258. It was said in the course of the prevailing opinion in that case that:

"Where a warehouseman, being a creditor, as against whom the mortgage is void for failure to file, has possession of the property, and a right to retain it for his lien, with a right to sell the same to discharge the amount thereof, he is in a very different position from a general creditor, because the latter, before he can levy on the property, or have the right to sell it, must obtain a judgment and issue an execution or obtain some legal process against the property. We think, therefore, that, as against a chattel mortgage, a creditor in possession of the property, with a right to sell it in discharge of his debt, is in a position similar to that of a judgment creditor, in respect to his right to assail or deny the validity of the mortgage."

The report of the case shows that Justice Ingraham concurred in the prevailing opinion, but in a separate opinion written by him he said:

"It is quite clear, however, that Maxwell could not hold this property as such creditor, if he were shown to be one, as he had no judgment against the corporation; being, at most, a mere contract creditor. As such, he cannot question the mortgage. This was the question in the case of Thompson v. Van Vechten, 27 N. Y. 582. It was there held that, although the mortgage was void as to all creditors who were such at the time to refile the mortgage as required by the statute, such creditors could not legally question the mortgage until the creditor clothes himself with a judgment and execution, or with some legal process against his property, for creditors cannot interfere with the property of their debtor without process. It would seem quite clear, therefore, that Maxwell, as a mere creditor of the Casino Company, could not hold this property as against the mortgage."

Van Brunt, P. J., and Patterson, J., concurred in the prevailing opinion, however, and therefore a majority of the court approved of the language quoted from the prevailing opinion. The law has never been carried to this extent in any other case. It was not necessary to a decision of that case to hold this doctrine, and we do not feel justified in so holding in the disposition of this case.

The other proposition urged in behalf of the defendants, that inasmuch as the plaintiff's mortgage had not matured, and the defendants' mortgage was past due, at the time possession of the property was claimed by each, the defendants were entitled to hold possession as against the plaintiff, we think, cannot be maintained. The referee found that the plaintiff did not take advantage of the danger clause in his mortgage, and did not take the property, or foreclose his mortgage, or seek to hold possession under that clause. The circumstances hardly warranted such a finding. The firm was insolvent. They had failed to make a success of the business, and had proposed to surrender the property to the plaintiff under his mortgage. The property was barely sufficient to pay his claim. The plaintiff was clearly in danger of losing his mortgage debt unless he held the property under the sale on foreclosure. Clearly he was in a position to assert his right to the possession under the danger clause, and we think, under these circumstances, the defendants were not entitled to deprive him of such possession for the reason alleged.

Our conclusion is, therefore, that the plaintiff was entitled to maintain this action, and that judgment was erroneously ordered for the defendants. The judgment should therefore be reversed, and a new trial granted, as hereinbefore suggested. All concur, except SPRING, J., who dissents.