GERARDO VINCINGUERRA, Plaintiff, *v.* JAMES FAGAN, Defendant.

(County Court, Chautauqua County, December, 1907.)

Sales — Conditional sales — Filing — Conditional sales of pianos.

> The repeal of section 115 of the Lien Law (L. 1897, ch. 418), which exempted contracts for the conditional sale of pianos from the requirements of section 112 providing for filing contracts for the conditional sale of goods and chattels, made such requirements applicable to existing contracts for the sale of pianos; and failure to file such contracts, as provided by section 112, rendered them void as against subsequent purchasers, pledgees or mortgagees in good faith.

ACTION in replevin.

Stearns & Thrasher, for plaintiff.

John G. Wicks, for defendant.

OTTAWAY, J. This is an action in replevin brought by the plaintiff to recover the possession of a piano. November 5,

1904, William Call entered into a contract with Oscar Stanburg, wherein it was provided that, upon making payments amounting to $235, he was to become the owner of a piano. Monthly payments were to be made until this amount had been paid. The title of the piano was to remain in Oscar Stanburg; possession was given to William Call. The contract contained other provisions. It was in effect a conditional sale. This contract was executed in duplicate and one copy delivered to the said William Call, and the other was retained by the said Stanburg. Call took possession of the piano, making a small payment upon the contract. This contract was never filed in the town clerk's office of the town of Pomfret where said Call lived and possessed the piano.

On the 7th day of January, 1907, William Call executed a chattel mortgage upon the piano, containing the usual conditions of a chattel mortgage to the plaintiff in this action. This mortgage was executed for the purpose of securing the sum of $150, borrowed of the plaintiff by William Call. This mortgage was duly filed in the town clerk's office in the town of Pomfret upon the day of its execution. The mortgage provided that said sum of $150 should be paid on the 7th day of April, 1907. Upon the 22d day of April, 1907, the plaintiff caused the piano to be seized by virtue of the chattel mortgage and was proceeding to sell the same at public auction upon notices given, whereupon the defendant, acting as the agent of Oscar Stanburg, took said piano from the possession of the plaintiff's agent as the property of Oscar Stanburg, claiming right under the conditional sale, whereupon the plaintiff commenced this action.

This controversy arises by reason of an amendment to the Lien Law of the State of New York. At the time of the execution of the contract on November 5, 1904, section 115 of the Lien Law provided that the provisions relating to the filing of contracts relating to conditional sales did not apply to pianos. It was sufficient if the contract was executed in duplicate, one copy being retained by the vendor and the other delivered to the vendee. In May, 1905, chapter 503 of the Laws of 1905 was enacted. This act re-

15

pealed that portion of the Lien Law exempting pianos from the provisions requiring contracts of this character to be filed in the clerk's office. This law took effect September 1, 1905. It is claimed by the defendant that the enactment of this statute did not and could not affect contracts made prior thereto. Defendant urges that this effect cannot be given to this law, as it would impair the obligation of a contract and, consequently, be unconstitutional.

In the determination of this case two questions are presented. The first relates to the scope of the law and whether it includes contracts existing at the time of its enactment; and, second, the effect of the statute upon existing contracts.

The cardinal rule in the interpretation of statutes is to arrive at and give effect to the intention of the legislative body enacting them. This intention is primarily to be deduced from the language used in the statute itself, and it has been said that where such language is clear and unambiguous there is no room for construction, and effect must be given to its plain and obvious meaning. The words in such cases ordinarily best declare the intention of such Legislature. Smith v. People, 47 N. Y. 330; People ex rel. Savings Bank v. Butler, 147 id. 164.

At the time of the execution of the contract section 112 of the Lien Law provided: "Except as otherwise provided in this article all conditions and reservations in a contract for the conditional sale of goods and chattels, accompanied by the delivery of the thing contracted to be sold, to the effect that the ownership of such goods and chattels is to remain in the conditional vendor, or in a person other than the conditional vendee, until they are paid for, or until the occurrence of a future event or contingency, shall be void as against subsequent purchasers, pledgees, or mortgagees in good faith, and as to them the sale shall be deemed absolute, unless such contract of sale, containing such conditions and reservations, or a true copy thereof, be filed as directed in this article, and unless the other provisions of this act applicable to such contracts are duly complied with."

It will be observed that the provisions of this section are comprehensive, including all goods and chattels within its

terms, excepting only such articles as are expressly exempted by subsequent provisions.

Section 115 of the same act excepted pianos from the operation of section 112 upon the performance of certain conditions.    Chapter 503 of the Laws of 1905 repealed section 115 and provided that such repeal shall not affect any action or proceeding pending at the time this act took effect.    The repeal of this section from the plain reading of the law, applying the ordinary meaning to the words used, left the law without any exceptions, and applicable to all conditional sales of goods and chattels.    The legislative intent is witnessed by the saving clause, which provides that the repeal shall not affect any action or proceeding pending at the time this act takes effect.    It is apparent that the Legislature intended to include all contracts of this character within the provisions of the law then existing or thereafter to be created, excepting only contracts concerning which an action or proceeding was then pending.

As to the effect of this statute the defendant contends that it is void by reason of its impairment of the obligation of a contract.    I am unable to agree with this position.

Citizens have no vested rights in existing general laws of the State which preclude their amendment or repeal, and there is no implied promise on the part of the State to protect its citizens against material injury occasioned by changes in the law.    Cooley Const. Lim. 402.

A construction and interpretation has already been given to a similar provision of the Lien Law.    By chapter 354 of the Laws of 1895 an amendment to the Lien Law was enacted, providing that the statement required to be made at the time of the refiling of a chattel mortgage should contain an allegation of the time when and the place where the original mortgage was filed.    A mortgage given and filed prior to the enactment of that amendment was sought to be kept in force by the filing of a statement subsequently to the amendment which did not contain an allegation of the time when nor the place where the original mortgage was filed.    It was held that the provisions of the amendment not only applied to mortgages given subsequently

to its enactment but to all prior mortgages; and the failure
to embody this allegation in the renewal statement rendered
the mortgage void as to a judgment creditor.   In this case
the court said:  " It is insisted by the learned counsel for
the plaintiff that the statute as thus amended is applicable
only to mortgages subsequently made.   It is true that an
amendatory statute does not have a retroactive effect, unless
it appears that it was the legislative intent.   The new pro-
visions given to the statute in question by the amendment
can have prospective effect only.   And those provisions re-
maining unchanged are deemed continued.   The amend-
ments added, having effect from the time of their adoption,
bring subsequent or new transactions within their opera-
tion.   The application of that principle in the present case
does not exclude from the effect of the amended statute
that which  is required to be done subsequently to continue
the validity of the mortgage as against the creditors of the
mortgagor.   Such application is prospective."   Stevenson
Brewing Co. v. Eastern Brewing Co., 22 App. Div. 523;
id. 165 N. Y. 634.

Courts have frequently held that Statutes of Limitations
affecting existing rights are not unconstitutional if a reas-
onable time is given for the enforcement of the actions be-
fore the bar takes effect.   McGehey v. Brown, 135 U. S.
707; Coyingham v. Duffy, 125 N. Y. 200; Acker v. Acker,
81 id. 143.

The court, in People ex rel. Collins v. Spicer, 99 N. Y.
225, said: " The general rule, which, in the absence of ex-
press language authorizing retroaction, requires a statute
to be so construed as to have prospective effect only, is not,
except as to a certain class of statutes, an inflexible one.   It
is said in 1 Kent's Commentaries, 455, that ' This doctrine
is not understood to apply to remedial statutes which may
be of a retrospective nature, provided they do not impair
contracts or disturb absolute vested rights and only go to
confirm rights already existing and in furtherance of the
remedy, by curing defects and adding the means of enforc-
ing existing obligations.' "

This statute is not void because it is retrospective.   This

has been repeatedly held. Every statute that affects the value of a contract does not impair its obligation. It is one of the contingencies which may arise in making a large class of contracts. They may be affected in many ways by legislation. For legislation demanded by the public good, however it may retroact on contracts previously made, there is no restraint in the Constitution, so long as the obligation of performance remains in full force. Curtis v. Whitney, 13 Wall. 68; Jackson v. Lampkin, 3 Pet. 280; Gilfillan v. Union Canal Co., 109 U. S. 401.

The statute in question did not change, defeat or impair the obligation of the vendee to perform the contract. It did not take away or destroy the security which existed by way of a lien; it did not make any change whatever; it said to the vendor, " You have a secret lien hidden away from persons who may deal with the vendee on the faith of this property and in ignorance of your rights. We provide a way of making those rights known by a public filing of them, which all persons may examine, and of which all must take notice at their peril. We make it the duty of officers having charge of the offices where the evidence of your claim exists to make this filing. We make it your duty to have it done. We give you· a reasonable time after the passage of the law to have it done. If it is not done within that time, your debt remains a valid debt, your mortgage a valid mortgage; but it binds no one who acquires rights after that in ignorance of your mortgage, because you have not given the notice which the law requires you to give." 32 La. Ann. 186.

The law, in requiring the owner for the protection of innocent persons dealing with the obligor to do this much to secure his own right and to protect those in ignorance of those rights, did not impair the obligation of a contract. This law was enacted in May, 1905, and went into effect September 1, 1905. It gave ample time and opportunity to do what was required and what was eminently just to everybody. In Vance v. Vance, 108 U. S. 514, the court said: " Had the article simply declared the abolition and extinction *eo instante* of all tacit mortgages, there would

have been the case presented by plaintiff's argument. But it did nothing of the sort. It fixed a future day, reasonably distant, and declared that such mortgages would perempt, prescribe or cease to exist as to third persons unless recorded by that date. It is in its nature a statute of limitations. The right of the state to prescribe the time within which existing rights shall be prosecuted, and the manner and conditions on which they may be continued in force is, we think, undoubted. It is elementary that the State may establish, lengthen, or shorten the period of prescription of existing rights, provided a reasonable time be given in the future for complying with the statute."

The strong current of modern legislation and judicial opinion is against the enforcement of secret liens upon property. McCrea v. Hopper, 35 App. Div. 572; Eli v. Carnley, 19 N. Y. 496.

Under the facts in this case the plaintiff is entitled to recover.

Judgment for plaintiff.