## LEONARD v. HARRIS.

(Supreme Court, Appellate Division, Third Department. November 15, 1911.)

1. PLEDGES (§ 24*)—CONDITIONAL SALES—BONA FIDE PLEDGEE OF BUYER.

A pledgee in a pledge made in 1899, though not entitled to the benefit of Laws 1884, c. 315, as amended by Laws 1885, c. 488, making a conditional sale void as against bona fide purchasers and mortgagees, unless the contract is filed or a duplicate is delivered to the purchaser, in force at the time of a conditional sale, is protected by the lien law (Laws 1897, c. 418), making a conditional sale contract void as against subsequent good faith purchasers, pledgees, or mortgagees, unless the contract is filed, etc.

[Ed. Note.—For other cases, see Pledges, Dec. Dig. § 24.*]

2. PLEDGES (§ 24*)—PLEDGEE OR BUYER—GOOD FAITH—EVIDENCE.

Evidence *held* to show that a pledgee of a buyer in a conditional sale contract was a bona fide pledgee, within the lien law (Laws 1897, c. 418), making conditional sale contracts void as against subsequent good faith pledgees, unless the contract is filed, etc.

[Ed. Note.—For other cases, see Pledges, Dec. Dig. § 24.*]

3. INNKEEPERS (§ 13*)—LIENS.

Lien Law (Laws 1897, c. 418) § 71, gives a boarding house keeper a lien on property brought on the premises by a guest. A husband, wife, and son became boarders at a boarding house, and he brought with him furniture for his rooms, including a piano conditionally sold to the wife by a seller who did not file a copy of the contract or deliver a duplicate, as required by Laws 1884, c. 315, as amended by Laws 1885, c. 488, in force at the time. *Held*, that the boarding house keeper acquired a lien on the piano for the board furnished from day to day to the husband, wife, and son.

[Ed. Note.—For other cases, see Innkeepers, Cent. Dig. §§ 42–46; Dec. Dig. § 13.*]

Smith, P. J., dissenting.

Appeal from Albany County Court.

Action by Jesse H. Leonard against Caroline Harris. From a judgment of the Albany County Court, affirming a judgment of the Albany City Court for plaintiff; defendant appeals. Reversed.

The action was brought to recover a piano sold by the plaintiff to Mrs. Mann. The sale took place April 30, 1895. The parties traded pianos, and Mrs. Mann gave a note for the difference in value, $335, which note recited that it was given for a Crown piano No. 60,800, which is to remain the property of the plaintiff until the note is paid. The note was renewed November 22, 1896, for $180, the balance unpaid, with a like provision as to the title of the piano. Arthur J. Mann, Mrs. Mann, his wife, and their son, became boarders at the boarding house of Mrs. Jane Davis in Albany, and he brought with him the piano and furniture for his rooms. At the time he removed from her premises, in June, 1899, he owed her, for board of himself, wife, and son, $446, which he was unable to pay, and he told her that the piano and furniture should remain with her until the debt was paid. No part of the debt was ever paid, and the property remained with Mrs. Davis; no claim being made by any person upon her for it. About the year 1905 Mrs. Davis gave the piano to the defendant, who was her daughter-in-law, and the daughter-in-law removed it to her premises. About a year later she returned with the piano to the boarding house of Mrs. Davis, and is now living there. The plaintiff demanded the piano of her, and she refused to deliver it. He thereupon brought an action of replevin, and by the judgment appealed from has been awarded the possession, with costs.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

A. Page Smith, for appellant.
Nathaniel Niles, for respondent.

JOHN M. KELLOGG, J. At the time the piano was sold the transaction was governed by chapter 315, Laws of 1884, as amended by chapter 488, Laws of 1885, which substantially provided that a conditional sale of property should be void as against purchasers and mortgagees in good faith, unless the contract or a copy of it was filed in the office of the town or county clerk, but that such requirement should not apply to household goods, pianos, and other specified articles, provided the contract was executed in duplicate and one duplicate was delivered to the purchaser.

[1] The contract was not filed, and a duplicate was not delivered to the purchaser; but it is assumed by counsel that a pledgee of the property is not within the protection of the statute accorded to purchasers or mortgagees. The general lien law (chapter 418, Laws of 1897) consolidated the various statutes relating to conditional sales, mortgages, and other liens on chattels, making no change necessary to mention, except pledgees are given the same protection as purchasers and mortgagees,

If we assume that a pledgee of the piano was not entitled to the benefit of the former statute, clearly the law of 1897, requiring the vendor to file the contract of conditional sale or to furnish a duplicate to the purchaser, applies and the plaintiff was then required to comply with the provisions of the statute in order to hold the property against purchasers, pledgees, or mortgagees in good faith. Stevenson Brewing Co. v. Eastern Brewing Co., 22 App. Div. 523, 48 N. Y. Supp. 89; Id., 165 N. Y. 634, 59 N. E. 1121; Vincinguerra v. Fagan, 57 Misc. Rep. 224, 109 N. Y. Supp. 317.

[2] I think the evidence clearly shows that Mrs. Davis was a pledgee in good faith of the piano. The fact that it was brought to her place by the husband, ostensibly as his own, that the wife and husband removed from the premises leaving the piano there, and that the husband pledged it for the board bill of himself, wife, and child, and that the wife has never questioned the transaction or claimed the piano, carries with it a necessary implication, in the absence of evidence to the contrary, that it was pledged with the consent of the wife, or that the husband had such an interest in the property that he had the right to pledge it. Therefore, as between the plaintiff and Mrs. Davis, the condition attached to the sale reserving title in the plaintiff was void, and if Mrs. Davis could retain the possession of the piano against him, the defendant may avail herself of the same defense.

[3] Mrs. Davis, under section 71 of the lien law (chapter 418 of the Laws of 1897), acquired a lien upon the piano for the board which she was furnishing from day to day to Mrs. Mann, her husband, and son. Waters & Co. v. Gerard, 189 N. Y. 302, 82 N. E. 143, 24 L. R. A. (N. S.) 958, 121 Am. St. Rep. 886. The alleged pledge was in fact a mere recognition of the lien, and perhaps affected somewhat

the manner in which it might be enforced. With the piano were many articles of furniture. These articles and the piano were left for many years with Mrs. Davis, and many of them were practically used up, and the conduct of the parties indicates an abandonment of the property to her for the bill and an apparent understanding that she was the owner. The manner in which the lien or pledge should be enforced was therefore unimportant. It cannot, therefore, be questioned that whatever interest Mrs. Davis had in the piano was acquired for a present consideration moving from her, and she was in a position of a bona fide pledgee of the property.

The judgment of the City Court and of the County Court are therefore reversed upon the law and the facts, with costs to the defendant in all the courts. All concur.

SMITH, P. J. (dissenting). Assuming for the argument that the law of 1897 was retroactive, so as to require the filing of a conditional contract of sale in order to protect the conditional vendor from a subsequent pledge of a piano in good faith, the difficulty with defendant's position is that neither she nor the pledgee, from whom she derived title, was a purchaser or pledgee in good faith. It is conceded that the defendant got her right by gift from her mother, Mrs. Davis. Mrs. Davis took the piano under pledge for an antecedent debt, and therefore is not protected by the statute. Harder v. Plass, 57 Hun, 541, 11 N. Y. Supp. 226; Russell v. St. Mart, 83 App. Div. 545, 82 N. Y. Supp. 71. The plaintiff, therefore, has not lost his right by failing to file his contract of sale. The only other objection that can be urged against the plaintiff's right is his delay in taking possession of the piano. There certainly can be no claim of title to the piano by the right of adverse possession, and, the vendee having forfeited her rights thereunder by failure to pay according to the terms of the contract, the plaintiff had the clear right to replevin the piano, and the judgment should be affirmed, with costs.