ESTEP *v.* BLUE RIBBON COAL COMPANY.

Opinion delivered April 16, 1928.

84

G. L. *Grant,* for appellant.

*White & White* and *Evans & Evans,* for appellee.

KIRBY, J., (after stating the facts). The appeal involves the construction of the statutes giving liens to miners as to whether such liens are superior to prior mortgages, the appellants insisting that the miners' liens are only subject to the mortgage of the leasehold interest in any event, and that their liens upon the machinery, material, supplies and specific improvements at the mine are superior to the bank's mortgage, notwithstanding it was executed and recorded before their labor was done at the mine.

Appellants claim under the statutes, § 7293, C. & M. Digest, which is silent as to the priority of the time given, and act 615 of the Acts of the General Assembly of 1923, the first section of which gives laborers and materialmen who, under contract with the owner or lessee, perform labor or furnish material, machinery, supplies, etc., for operating, equipping, maintaining or repairing any mine, a lien on the land or leasehold interest therein, except the lien does not attach to the fee in the land when the labor is performed or material is furnished to a leaseholder.

Section 4 deals with the priority of the lien given, declaring that it "shall be prior and paramount to and in preference of any and all subsequent liens, incumbrances or mortgages, and * * *. The lien herein provided for shall attach to the machinery, material, supplies and the specific improvements made, in preference to any prior lien, or incumbrance, or mortgage upon the land or leasehold interest upon which the said machinery, material, supplies and specific improvements are placed or located; provided, however, that any lien, incumbrance, or mortgage upon the land or leasehold interest at the time of the inception of the lien herein provided for shall not be affected thereby; and the holders of such liens upon such land or leasehold interest shall not be necessary parties in suits to foreclose the lien hereby created."

The statutory lien given to the miners for work done in operating the mine could not become paramount to a prior recorded mortgage unless the statute creating the lien manifests an intention to give it preference. In *Easter* v. *Goyne*, 51 Ark. 22, a case wherein the question involved was whether a statutory lien would take precedence over a prior recorded mortgage, executed after the passage of the act giving the statutory lien, the court said: "The statute under consideration does not evince the intention to give preference to the statutory lien, and, in the absence of a legislative intent to that effect, the

courts have not, unless in exceptional instances, permitted the lien created by the statute to become paramount to a prior recorded mortgage. Jones on Liens, §§ 691-3, and cases cited; Jones on Chattel Mortgages, § 474." See also the New Mexico case of *Eccles, Artesian Well Supervisors, etc.,* v. *Will,* 170 Pac. 748, L. R. A. (N. S.) 1918C, 1022. In a note to this case, found on page 1024 L. R. A. (N. S.) 1918C, it is said: "The view taken in the Eccles case, that, where the statute creating the lien is silent on the question, the lien does not take priority over an existing mortgage, is in accord with the general rule declared in such cases," many of which are cited, and among them our case of *Easter* v. *Goyne, supra.*

It is true it is expressly provided that the lien given the laborers shall attach to the machinery, material, etc., in preference to any prior lien, incumbrance, or mortgage upon the land or leasehold interest upon which the said machinery, material, supplies and specific improvements are placed or located, provided that any lien, incumbrance or mortgage upon the land or leasehold interest at the time of the inception of the lien herein provided for shall not be affected hereby. The inception of the statutory lien could not have been before the material and supplies were begun to be furnished and the labor done, and it was not the intention of the statute to make the lien of the laborer or materialman superior to the lien of the prior mortgage upon the leasehold interest and equipment of the mine before the inception of the lien given the laborer by the statute, which expressly declares that such mortgage lien shall not be affected thereby. It was obviously not intended that the laborer or material furnisher should have a superior lien upon the leasehold and equipment of the mine to the lien of the mortgage existing at the inception of the statutory lien. In other words, at best, the statute, under a fair construction, cannot be held to intend the giving of a lien to laborers and material-furnishers on the materials,

improvements and equipment of the mine already installed and covered by a valid mortgage of the leasehold at the inception of the statutory lien, which could attach only to such machinery, material, and specific improvements thereafter installed becoming superior to the mortgage lien therefor.

Since the testimony does not show that the machinery, equipment and specific improvements upon which the lien was claimed by appellants were installed in the mine after the miners began their operations and the materialman furnished such equipment, no error is shown in the decree as rendered, which must be affirmed. It is so ordered.