Coos,
Oct. 3, 1944. } No. 3486.

WHITEFIELD VILLAGE FIRE DISTRICT *v.* RICHARD M. BOBST *& a.*

*Hinkley & Hinkley (Mr. Irving A. Hinkley* orally), for the plaintiff.

*Edgar M. Bowker* (by brief and orally), for the defendant Whitefield Savings Bank and Trust Company.

JOHNSTON, J.   During the course of oral arguments, counsel for the plaintiff was willing to concede that any lien for water furnished to the former owner had been lost since suit was not brought within one year of the last item charged such owner.   This view is correct. The statute under consideration does not provide one lien for all charges of gas, water or electricity furnished to all patrons on a parcel of real estate.   A lien attaches for each separate account.   Accordingly, the provision that the lien shall continue for one year from the last item charged means not against any patron on certain premises but the last item charged in a particular account.   Any lien for water furnished the former owner to the value of $45.05 expired before the present suit was brought.

The principal question relates to the account of $99.08 against Richard M. Bobst.   The plaintiff claims that it had a lien on the premises for this full amount notwithstanding the fact that the first mortgage to the bank was placed on said premises prior to the furnishing of any of the water covered by this account.   The statutory lien for water rates does not take precedence over an existing mortgage unless the Legislature so intended.   "It is one of the char-

acteristics of common law liens which arise, upon considerations of justice and policy, by operation of law, as distinguished from liens created by contract or statute, that the former, as a general rule, attach to the property itself without any reference to ownership, and override all other rights in the property, while the latter are subordinate to all prior existing rights therein." *Sullivan* v. *Clifton*, 55 N. J. L. 324, 326. This same view is expressed in 33 Am. Jur. 436 as follows: "But where a statutory lien is for work not beneficial to the property and the statute creating the lien is silent on the question, the lien does not take priority over an existing contractual lien." Among the cases cited in the latter work is *Eccles* v. *Will*, 23 N. M. 623, in which it was decided that a lien on land for repairs and work upon an artesian well did not take precedence over a prior recorded mortgage, "the statute being silent upon the question." The case of *Hudson Sav. Inst.* v. *Paper Mills Co.*, 58 N. J. Eq. 59, held an existing mortgage to be superior to a lien for water rents. On pages 67, 68, the Court said: "The extent of the lien to be acquired must, of course, depend wholly upon the verbiage of the statute; and I am of the opinion that the only statute to which the city can now appeal to define its lien is that found in the enactment of 1876, . . . Now, the fact that the legislature did not contemplate any great accumulation of water rents may be the reason why it did not deem it necessary to provide for a lien which shall take precedence over mortgages and compel their holders to keep strict watch of the accumulation of water rents." This case is commented on in 3 Dillon, Municipal Corporations (5th *ed.*), *p.* 2224, note 3, as follows: "It has been held that a statutory provision that the price or rent of water 'shall be a lien upon said house, tenement, or building lot until the same shall be paid or satisfied' without any express provision that the lien shall take priority over mortgage debts, contemplates that the lien . . . confers no priority over the lien of mortgages on the premises where the water is supplied." The Court in *Loan Corp.* v. *Tyson*, 133 Ohio State 184, 191 said: "The lien, if any had been created, would therefore have been subsequent to the lien of the mortgage." This was stated with respect to a lien for water rates and such a lien was held to be subordinate to an existing mortgage in *Ordway* v. *Kaiser*, 90 Colo. 313. The conduct of a municipal water works is a commercial enterprise. *Shea* v. *Manchester*, 89 N. H. 547; *Maltais* v. *Concord*, 86 N. H. 211. Its charges are for a commodity sold and are not taxes, which are levied for the support of the government. *Dunlap* v. *Gallatin Co.*, 15 Ill. 7.

The statute under consideration is silent concerning any precedence of the lien over an existing mortgage and shows no intention of the Legislature that there should be such precedence. The statute is as follows: "All charges as gas, water or electric rates for gas, water or electricity furnished to patrons in any city, town or precinct operating municipally owned gas, water or electric works, shall become a lien upon any real estate where such gas, water or electricity is furnished, and said lien shall continue for one year from the last item charged in said gas, water or electric rates; and said lien may be enforced by a suit in behalf of said city, town or precinct, ordered by the commissioners or other board in charge of the plant against the owner or owners of such real estate. The record in the office of the gas, water or electric department of the gas, water or electric rates, and the charges for the gas, water or electricity furnished as aforesaid, shall be sufficient notice to maintain suit upon such lien against subsequent purchasers or attaching creditors." Laws of 1937, c. 158, s. 6 (R. L., c. 56, s. 22). The wording, "shall become a lien upon any real estate where such gas, water or electricity is furnished," does not indicate an intention that the lien shall be preferred to an existing mortgage. The phrase "real estate" may mean any right or interest therein. R. L., c. 7, s. 21. The phraseology of the statute expresses entirely correctly the provision of a lien that is subordinate to an existing mortgage. Without other indications of legislative intent, it cannot be said that the same wording indicates that the lien is superior. The silence of the statute upon the point of priority is sufficient to establish the superiority of an existing mortgage over a later created water rate lien. If the Legislature had intended that the lien should precede all other claims both present and future, it could easily have expressed or implied such mandate.

The history of the legislation may throw some light upon the intent. It started as House Bill No. 74 of the Legislature of 1927. This related to water rates in the city of Dover only. The bill was amended to cover water rates in any city, town or precinct operating municipally owned water works but without any change relating to the nature of the lien, its continuance or recording. Probably those who introduced the bill on behalf of the city of Dover did not intend such a radical step as cutting under existing mortgages.

Sometimes legislation, if ambiguous, is construed in the light of what is just and fair. Injustice to a municipally owned utility that can refuse service in the case of overdue accounts and that can re-

quire deposits is not so clear in refusing it priority of its liens over existing mortgages which are not benefited by the service and the owners of which have no control over it, that such priority can be said to be implied. The wisdom or policy of such precedence is for the Legislature and not the courts. With respect to this precedence the Legislature has been silent.

The plaintiff relies upon the case of *Mechanics Savings Bank* v. *Collector of Taxes*, 299 Mass. 404. The Court announced its decision that the lien for water rates was superior to an existing mortgage after a recital (*p.* 409) of a provision of the law that: "The collector shall have the same powers and be subject to the same duties with respect to such unpaid accounts as in the case of the annual taxes upon real estate, and the provisions of law relative to the collection of such annual taxes, the sale of land for the non-payment thereof and the redemption of land so sold shall apply to unpaid accounts charged upon real estate under sections 42A to 42F."

With respect to the $24.02 item, the bank was a subsequent purchaser so far as its second and third mortgages were concerned. Since there was enough to satisfy the first mortgage and this claim, the plaintiff is entitled to judgment for $24.02. With regard to the balance of the $99.08, the bank does not rank as a subsequent purchaser because under the foreclosure deed it acquired the title as it existed at the creation of the mortgages.

*Judgment for the plaintiff for $24.02.*

All concurred.