382 P.2d 185

DIAMOND TRAILER SALES CO., a
Colorado Corporation, Plaintiff-
Appellant,

v.

Ray MUNOZ, Defendant-Appellee.

No. 7209.

Supreme Court of New Mexico.

May 27, 1963.

McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Albuquerque, for appellant.

Lebeck, DePauli & Rich, Gallup, for appellee.

NOBLE, Justice.

The sole question on appeal from a declaratory judgment is whether a prior recorded chattel mortgage on a house trailer or a trailer court lien for unpaid rent and services takes precedence.

While the amount involved is small, it is argued that a determination of the priorities of liens is important to commercial transactions. Appellee, however, points to a provision of Chapter 96, Laws of 1961, the Uniform Commercial Code, which is said to provide priorities of such liens. The liens with which we are concerned in this case were created prior to enactment of the commercial code and we express no opinion as to priorities provided by that act and want it made clear that this decision is in no way concerned with the construction of any provision of the Uniform Commercial Code.

The facts in the instant case are not disputed. A purchase money chattel mortgage on a house trailer was given and filed with the division of motor vehicles as provided by §§ 64–5–1 and 2, N.M.S.A.1953. Thereafter, trailer space was rented from appellee by the chattel mortgagor who defaulted in ·the rent. The trailer court operator refused ·to surrender possession of the house trailer to the mortgagee after default in note payments, and the declaratory judgment action was brought to determine priorities of liens and the right to possession of the house trailer. Upon cross-motions for summary judgment the district court determined the lien of the trailer court operator to be superior to that of the recorded chattel mortgage. This appeal resulted.

Section 61–3–14, N.M.S.A.1953, under which appellee's lien is granted, reads:

"The owner or operator of any hotel, rooming house, apartment house, rental dwellings, auto court, trailer court or campground shall hereafter have a lien upon the baggage, personal effects, trailer house, trailer, automobile, motor vehicle and other property placed in or upon the premises of the hotel, rooming house, apartment house, rental dwellings, auto court, trailer court or campground of such owner or operator for the payment of any rent, services and accommodations including gas, water, electricity or other things furnished to such person or at the request of such person."

Appellee contends that including trailer courts with hotels, and giving a lien upon the baggage and personal effects of the guest or tenant indicates an intention by the legislature that the above section be only a statutory enactment or extension of

the common-law innkeeper's lien to trailer courts and to require a construction that such lien takes precedence over a prior recorded chattel mortgage. We cannot agree. In the first place, if § 61–3–14 be construed as creating an innkeeper's lien, the legislature has specifically expressed its policy that such a lien shall not take precedence over prior filed or recorded chattel mortgages, except by express consent of the mortgagee. Section 61–3–5, N.M.S.A.1953.

Furthermore, § 61–3–15, N.M.S.A. 1953, which provides that the lien created by § 61–3–14, supra, "is subject to such priorities of liens as are otherwise provided by law" clearly indicates an intention by the legislature not to give priority of the lien created by § 61–3–14 over other liens. Priorities of recorded mortgages and statutory liens was discussed in Eccles v. Will, 23 N.M. 623, 170 P. 748, L.R.A.1918C, 1022, where it was said that a statutory lien does not take precedence over a prior recorded chattel mortgage, unless expressly so provided by statute. See also Parker-Harris Co. v. Tate, 135 Tenn. 509, 188 S.W. 54; Estep v. Blue Ribbon Coal Co., 177 Ark. 83, 9 S.W.2d 331; Whitefield Village Fire District v. Bobst, 93 N.H. 229, 39 A.2d 566; Atlas Securities Co. v. Grove, 79 Ind.App. 144, 137 N.E. 570; Sundin v. Swanson, 177 Minn. 217, 225 N.W. 15. The legislature has not expressly granted priority to the statutory lien.

Decisions from other jurisdictions are pointed to as holding the common-law innkeeper's lien superior to the rights of the conditional seller of property to the guest, and in his possession, where the innkeeper had no knowledge of the reserved title or chattel mortgage. Those cases applying that rule, however, do so only when the possessor of the property has been received as a guest. The innkeeper's lien is not generally accorded priority where the possessor is a boarder. Singer Mfg. Co. v. Miller, 52 Minn. 516, 55 N.W. 56, 21 L.R.A. 229, 38 Am.St.Rep. 568; 45 A.L.R. 949, 960. Appellee argues that the only exception is where the innkeeper had actual knowledge of the prior lien. We do not so construe the decisions. Even though New York extended the statute to boarding-house keepers and gave them a lien upon the goods in possession of the boarder, where the boarding-house keeper did not know of the conditional sale, the conditional sale contract was not recorded and did not give constructive notice. Leonard v. Harris, 147 App.Div. 458, 131 N.Y.S. 909, aff'd. 211 N.Y. 511, 105 N.E. 1089.

A person renting trailer space by the week, as here, is not a guest in the sense of those seeking transient accommodations of an innkeeper. Furthermore, in view of the public policy of this state, as expressed by the legislature in denying the common-law priority of innkeeper's liens, we find no

legislative intent to grant or extend the common-law innkeeper's lien to the occupations enumerated in § 61–3–14, supra. We attach no special significance to the failure of the legislature in enacting § 61–3–14 to expressly provide for superiority of recorded chattel mortgages.

■ Chapter 138, Laws of 1953, as amended by Chapter 183, Laws of 1955, deals with the registration and certification of titles to motor vehicles, trailers and house trailers, and provides for central filing of liens and encumbrances affecting such vehicles with the motor vehicle department. It, likewise, provides that the title certificate may be relied upon to show all liens against such vehicle except those depending upon possession. Section 64–5–2, N.M.S.A.1953, so far as pertinent, reads:

"(a) The filing with the division and the issuance of a new certificate of title by the division as provided in section 72 [64–5–1], shall constitute constructive notice of all liens and encumbrances against the vehicle described therein to creditors of the owner, to subsequent purchasers and encumbrancers except such liens as may be authorized by a law dependent upon possession. * * *"

Appellee seizes upon the language "except such liens as may be authorized by a law dependent upon possession" and asserts that a proper construction requires a holding that the filing of such a chattel mortgage is not constructive notice to the holder of a lien dependent upon possession. The argument does not impress us. We think the legislative intention is plain that the issuance of a title certificate is constructive notice of all liens except those dependent upon possession. The legislative purpose is plain to us. Universal Credit Co. v. Printy, 45 N.M. 549, 119 P.2d 108. Maulhardt v. J. D. Coggins Co., 60 N.M. 175, 288 P.2d 1073, recognized a prior recorded chattel mortgage to be superior to an artisan's lien.

The instant case, upon its facts, is more nearly similar to a landlord's lien. Dees v. Dismuke, 30 N.M. 528, 240 P. 198, held that a landlord's lien for unpaid rent is not superior to that of a chattel mortgage recorded prior to the term of the lease.

The lien of an owner or operator of a trailer court for unpaid space rental is not superior to a prior chattel mortgage on a house trailer filed as required by § 64–5–2, N.M.S.A.1953.

The judgment appealed from must be reversed and the cause remanded to the district court with instructions to vacate the judgment and to proceed in a manner not inconsistent with what has been said. It is so ordered.

CARMODY and MOISE, JJ., concur.