[No. 14003. Department One. — January 13, 1892.]

J. C. DOUGLASS, Respondent, v. W. McFARLAND, et al., Appellants.

Appeal — Uncertified Statement — Affirmance of Order Denying New Trial. — Where a transcript upon appeal contains what is designated as a "proposed statement on motion for a new trial," but which is not signed and certified by the judge, as required by subdivision 3 of section 659 of the Code of Civil Procedure, it will be disregarded, and the order denying the motion for new trial will be affirmed.

Manufactured Articles — Railroad Ties and Shakes — Lien for Price of Manufacture — Possession — Claim and Delivery. — Where a party entered upon the land of another, under a contract with the owner, for the purpose of manufacturing railroad ties and shakes for the owner, who agreed to pay therefor a fixed sum upon a specified date, and, after manufacturing them, piled them up on the land in piles of a certain number each, and marked each pile, and remained in the possession thereof, he has a lien upon the property for the amount due for manufacturing them, and the right to retain possession thereof until the lien is discharged by the payment of the amount due him, and may maintain an action of claim and delivery therefor as against a sheriff who seizes them under a writ of execution issued against the owner of the land.

Appeal from a judgment of the Superior Court of Mendocino County, and from an order denying a new trial.

The facts are stated in the opinion.

R. G. Knox, and Henley, Swift & Rigby, for Appellants.

J. A. Cooper, for Respondent.

Fitzgerald, C. — This action is brought by plaintiff against the defendant McFarland as constable, and the defendants Markle and Cameron as sureties on his official bond, to recover the possession of certain lots of redwood railroad ties and redwood shakes alleged to have been wrongfully and unlawfully seized and taken from .his possession by said McFarland, as constable, under and by virtue of certain writs of attachment and execution theretofore issued against the property of one Matt Harney, and by said McFarland wrongfully detained from the possession of plaintiff, or for the sum

of $689, the alleged value thereof, in case delivery could not be had.

The complaint contains allegations that plaintiff is entitled to the possession of the property, and of a demand, before the commencement of this action, upon McFarland by plaintiff for its delivery, and of his refusal to do so. The answer denies generally the allegations of the complaint, and for a further separate answer and defense justifies under a writ of execution. The case was tried by the court without a jury, and judgment given in favor of the plaintiff, against the defendants, for the recovery of the possession of the property in question, or for the sum of $226, the amount of plaintiff's lien thereon, in case delivery cannot be had. The transcript on appeal contains what is designated therein as "defendant's proposed statement on motion for a new trial," but as it is not signed and certified by the judge, as required by the provisions of subdivision 3 of section 659 of the Code of Civil Procedure, it must be disregarded, and the order denying the motion for a new trial affirmed.

The case must therefore stand on appeal upon the judgment roll alone.

It appears from the findings that at all the times mentioned in the complaint the defendant McFarland was a duly qualified and acting constable, and that his co-defendants, Markle and Cameron, were the sureties on his official bond; that about the first day of October, 1888, plaintiff entered into a contract with one Matt Harney, by which he agreed to manufacture railroad ties and shakes for Harney, on Harney's land, and for such ties and shakes so manufactured plaintiff was to receive the sum fixed by the terms of the contract, which sum was due and payable on the first day of June, 1889; that for the purposes of manufacturing said ties and shakes the plaintiff was allowed to enter upon said lands; that on the third day of June, 1889, plaintiff had manufactured on said land the ties and shakes in controversy, and that they were piled up by him on said land in piles of one thou-

sand each, and each pile was marked on the top with a cross, and that there was due and payable to him from said Harney, for the manufacture thereof, the sum of $286; that on said last-mentioned date plaintiff was in the possession of said property, and claimed the right to the possession thereof until said sum of money was paid; that on the third day of June, 1889, the defendant McFarland, in his official capacity as constable, under and by virtue of a writ of execution issued upon a judgment theretofore recovered against Harney, levied upon and took into his possession, as the property of Harney, the ties and shakes in controversy; that said property was taken from the possession of plaintiff without his consent by the defendant McFarland, who wrongfully withholds it from plaintiff's possession.

These facts bring the case at bar, as we think, within the provisions of section 3052 of the Civil Code, and gave plaintiff a lien upon the property and the right to retain possession thereof until the lien thereon should be discharged by the payment of the amount due him for the manufacture of the same.

We are of the opinion that the judgment and order should be affirmed, and so advise.

FOOTE, C., and VANCLIFF, C., concurred

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.