# ABEYTIA v. GIBBONS GARAGE OF MAGDALENA.

[No. 2394, July 14, 1920.]

[On Rehearing Jan. Term, 1921]

SYLLABUS BY THE COURT.

1. When a statute is susceptible of two constructions, one of which supports the act and gives it effect and the other renders it unconstitutional and void, the former will be adopted.    P. 625

2. Sections 3333 and 3339, Code 1915, as amended by chapter 65, Laws 1917, could reasonably be construed to provide for a lien upon an automobile for supplies, etc., furnished the owner, only so long as such automobile remained in the possession either of the garage owner or the owner of the automobile or a purchaser with notice; and such a construction would be adopted, were it required in order to uphold the constitutionality of the act.    P. 625

3. Without the agreed written statement of facts upon which the case was submitted to the trial court being incorporated in the record before this court, every presumption in favor of the correctness and regularity of the judgment of the trial court will be indulged on appeal.    P. 626

4. The findings of the trial court will not be disturbed on appeal unless it is shown that they are not supported by substantial evidence.    P. 626

[On Rehearing.]

5. Sections 22 and 26, c. 65, Laws 1917, construed, and held, that the lien of a garage owner for repairs furnished and of a workman for labor performed on an automobile is in force after possession of such automobile is voluntarily surrendered, only as to such owner and those with notice thereof, and is not effective as to innocent purchasers without notice.    P. 627

Appeal from District Court, Socorro County; Merritt C. Mechem, Judge.

Action by Manuel D. Abeytia against the Gibbons Garage of Magdalena. Judgment for defendant, and plaintiff appeals. Reversed and remanded, with instructions.

M. C. SPICER, of Socorro, for appellant.

CAMPBELL & BUNTON, of Socorro, for appellee.

OPINION OF THE COURT.

BRATTON, District Judge. The appellant instituted this case in the district court of Socorro county against

the appellee in replevin to recover the possession of a certain described automobile alleged to be owned by him and to be wrongfully and unlawfully detained by the appellee. In its answer filed the appellee denied that appellant was the owner of the automobile in question; denied that it had ever wrongfully and unlawfully detained the same from him; and further pleaded as an affirmative defense that on divers dates between April 22, 1918, and May 27, 1918, one Bob Suthern, who then owned said automobile, brought it to appellee's garage situated in Magdalena, N. M., and at his request it furnished therefor certain oils, lubricants, and accessories, and made certain repairs thereon, of the reasonable value of $128.30, upon which $31.30 had been paid, reducing the amount due to $97, an itemized statement of which was attached to said pleading. The appellee prayed judgment in this amount, together with the establishment and foreclosure of its lien upon said vehicle.

To this answer the plaintiff replied, in which he denied that appellee had furnished such supplies and made such repairs, and further denied that it had any lien whatever on the automobile. He further alleged that on October 16, 1918, he bought the car from one E. M. Baca, who then owned it, and that he had owned the same ever since that date; that at the time of such purchase appellant had no notice or knowledge, either constructive or otherwise, that the appellee had or claimed any lien whatever on the car; that if appellee ever had a lien thereon it had waived the same by subsequently parting with the possession of it. He further pleaded that if appellee claimed a lien on such property under the provisions of chapter 65, Laws of 1917, after parting with the possession thereof as against him, he being an innocent purchaser without notice of such lien, that the said act of the Legislature is void, because it is violative of the Fourteenth Amendment to the Constitution of the United States, as well as section 18, article 2, of the Constitution of the state, in that it seeks to deprive persons of their property without due process of law. The new

matter in the reply was, of course, denied by virtue of the statute.

The case was submitted to the trial court upon an agreed statement of facts in writing, signed by the attorneys for the respective parties. Upon the pleadings and this agreed statement of facts, the trial court, without making special findings of fact or conclusions of law, rendered judgment in favor of the appellee and against the appellant and the sureties upon his replevin bond in the sum of $97, with the provision that such judgment might be liquidated by delivering the automobile to the appellee within 20 days after the rendition of the judgment, in which event it should, in a specified manner, sell it, and after paying the costs and the judgment the balance, if any, should be paid to the appellant. If the automobile was not so delivered within the mentioned time, then the judgment rendered should become a personal one and execution should issue. From this judgment the appellant has perfected this appeal.

There are but two assignments of error presented, namely: (1) That the trial court erred in holding that the lien of appellee could be enforced as against the appellant who was an innocent purchaser of the property for value and without notice of such lien; (2) that if chapter 65, Laws 1917, intended to provide for the enforcement of liens on motor vehicles after title had passed to third persons without notice of such lien, the same is unconstitutional because it violates the Fourteenth Amendment to the Constitution of the United States and section 18, article 2, of the Constitution of the state of New Mexico, because it deprives persons of their property without due process of law.

Appellant contends that chapter 65, Laws 1917, is unconstitutional if construed to provide for the enforcement of motor vehicle liens after title and possession had passed to third persons without notice of such liens. The pertinent sections of chapter 65 are sections 16 and 22,

being amendatory to sections 3333 and 3339, Code 1915, which read as follows:

"Sec. 16.   All artisans and mechanics shall have a lien on things made or repaired by them, for the amount due for their work, and may retain possession thereof until said amount is paid, and any person, company or corporation who stores, maintains, keeps, or repairs any motor vehicle, or furnishes gasoline, oils or lubricants, accessories or other supplies therefor, at the request or with the consent of the owner, or its or his representatives, whether such owner be a conditional vendee or a mortgagor remaining in possession or otherwise, shall have a lien upon such motor vehicle or any part or parts thereof for the sum due for such storing, maintaining, keeping or repairing of such vehicle, or for labor furnished thereon, or for gasoline, oils, lubricants or other supplies furnished therefor, and for all costs incurred in enforcing such lien, and may detain such motor vehicle at any time it is lawfully in his possession until such sum is paid."

"Sec. 22.   Any person acquiring a lien under the provisions of this article shall not lose such lien by reason of allowing the vehicle, animal or any other chattel upon which he has a lien by reason of allowing the same to be removed from the control of such person."

[**1, 2**] Where a statute is susceptible of two constructions, one of which supports the act and gives it effect and the other renders it unconstitutional and void, it is the duty of the court to adopt that construction which will uphold the constitutionality of the statute. State ex rel. Clancy v. Hall, State Treasurer, 23 N. M. 422, 168 Pac. 715; Lucero v. Marron, 17 N. M. 304, 128 Pac. 485; Sedillo v. Sargent, 24 N. M. 333, 171 Pac. 790. This statute then should not be construed as affecting the rights of innocent purchasers without notice of the lien if such a construction would render it unconstitutional, unless the language of the statute clearly requires such construction.   It might reasonably be said that section 3339 simply changed the general rule of law to the effect that parting with possession of the chattel upon which the lien was imposed constituted a waiver of the lien, and was evidently enacted in recognition of the usual custom of garage men, by which the owner stores his car in a public garage, purchases gasoline and oil and oftentimes accessories from the garage owner, and from time to time takes the motor or vehicle out and uses it in the pursuit

of business or pleasure and returns it to the garage. The act of the owner in taking possession of the automobile with the consent of the garage owner does not constitute a waiver of the lien under this section.

The language of the latter portion of section 3333 is susceptible of two constructions: (1) That it was intended the lien should apply as against the innocent purchasers without notice; and (2) that the lien was to be effective only so long as the garage owner retained possession of the automobile, or so long as title was in the owner for whom the supplies, etc., were furnished, or as against a purchaser with notice.

If the first construction rendered the statute unconstitutional, which we do not decide, then clearly it would be the duty of the court to adopt the last suggested construction.

[3] The agreed written statement of facts upon which the case was submitted to and decided by the trial court was not incorporated in the transcript, and hence is not before this court. With the various issues of fact made by the pleadings, and with the record before us in this incomplete manner, every presumption in favor of the correctness and regularity of the judgment of the trial court will be indulged by this court. Street v. Smith, 15 N. M. 95, 103 Pac. 644. Without the evidence adduced upon the trial of the case before us, and the general finding against the appellant being equivalent to a finding against him on every material controverted issue necessary to uphold the judgment, we think such finding is conclusive against the appellant. In Jahren v. Butler et al., 20 N. M. 119, 147 Pac. 280, this court said:

"The testimony in the present case, on which this finding is based, is not included in the transcript, and is not before the court, and the finding in this respect is therefore conclusive."

[4] We think this rule is decisive of this case. We are unable to determine what the trial court found the

facts to be.  The trial judge may have found that at the time appellant purchased the automobile, the appellee had and held its lien thereon, and that appellant had full knowledge thereof, in which event no other correct judgment could have been rendered.  It has been the settled rule of this court, announced in numerous cases, that the findings of the trial court will not be disturbed on appeal unless there is no substantial evidence to support the same.  A citation of the many cases so holding is unnecessary.  In view of the condition of this record we are unable to sustain appellants first assignment of error, and it becomes unnecessary to decide the question presented by his second assignment.

For the reasons stated, the judgment of the trial court will be affirmed; and it is so ordered.

ROBERTS, and RAYNOLDS, J.J., concur.

On Rehearing.

BRATTON, District Judge. [5] In the former opinion we held that we were precluded on account of the incomplete condition of the record before us from considering the first question presented, to wit, that the trial court erred in holding the lien claimed by the appellee on the automobile should be enforced as against the appellant, who was an innocent purchaser thereof for value and without notice of said lien.  The incompleteness of the record consisted in the failure to include therein the original stipulation of facts upon which the case was submitted to the trial court, and with this condition obtaining we held that every presumption in favor of the correctness and regularity of the judgment should be indulged.  We further said that the trial court may have found as a fact that the appellant purchased the automobile with knowledge of appellee's lien.

In his motion for rehearing appellant concedes the record to be as stated, but he now contends that it is affirmatively stated in the briefs of both appellant and appellee that at the time appellant purchased the auto-

mobile he had no knowledge of appellee's alleged lien, and hence this court should regard the same as an admitted or conceded fact. The statement of facts contained in appellant's brief contains the following:

"The plaintiff did not retain possession of the automobile, but permitted the said Bob Southern to take it from its garage after the repairs, oil, lubricants, etc., were furnished him; that some time about the 16th day of October, 1918, defendant purchased the automobile in question from one E. M. Baca, who was at said time the owner thereof; that since said date defendant has been the owner of said automobile, and retained possession thereof up until it was taken from him by plaintiff at Magdalena, N. M. Defendant thereupon filed a replevin suit and took possession of the automobile in question under a writ of replevin. At the time defendant purchased the said automobile, he had no notice, either constructive or otherwise, that plaintiff had any claim or lien on said automobile."

The pertinent part of the statement of facts in the appellee's brief is:

"That case was heard by the court below on an agreed state of facts wherein it appeared that defendant, covering a period of time from April 22, to May 22, 1918, at his request, furnished to Bob Southern, the then owner of the automobile in question, oils, lubricants, and supplies, made repairs, and performed labor on and for the car; that defendant, at the time of furnishing the supplies, repairs, and performing the labor, did not retain possession of the car, but afterwards, the car lawfully coming into his possession, withheld same for such furnishings and labor, and was so holding it when plaintiff instituted this replevin suit; that at the time of so regaining and having lawful possession of the car it had been sold to plaintiff, and that he (plaintiff) had no notice of such furnishing by defendant and lien claimed by him."

It is apparent from the quoted parts of the briefs of both parties that it is conceded appellee furnished the oils, lubricants, and accessories for and made repairs on the automobile as alleged; that it did not retain possession of said car, and after parting with such possession the appellant, without notice of such lien, purchased it.

These facts stated by counsel in their briefs will be considered by us the same as an admission made on the trial of the case in the trial court. Territory v. Bd. Co. Com'rs., 13 N. M. 89, 79 Pac. 709; Springer v. Wasson, 25 N. M. 379, 183 Pac. 398. We will therefore proceed to determine the question now presented, which we declined to decide in the original opinion for the reasons stated. It is well settled that at common law the right of a mechanic or repair· man to a lien upon an article repaired is dependent upon his actual and continued possession, and if, after acquiring such lien, he voluntarily surrenders possession of the repaired article, the lien becomes extinguished. Berry on Automobiles, § 765; Hiner et al. v. Pitts et al, 89 Or. 602, 175 Pac. 133; Crucible Steel Co. of America v. Polack Tyre & Rubber Co., 92 N. J. Law, 221, 104 Atl. 324.

Prior to the enactment of chapter 65, Laws 1917, we had no statute giving a garage or repair man a lien for repairs furnished, or work performed; but the same was a common-law lien, and was therefore dependent upon the lienholder keeping and retaining continued possession of the automobile repaired or worked on. Section 22 of the act which is quoted in the original opinion, standing alone, is susceptible of two constructions; the first being that the Legislature intended the lien, when once created, should follow the vehicle and be in force as against innocent purchasers without notice thereof, and the second being that it should apply and be effective only as to the owner for whom the supplies were furnished and work performed, as well as against purchasers or others with notice.

To arrive at the legislative intent, the entire act may be looked to. We think such intent is plain, when this section is read in connection with section 26 of the act, which is as follows:

"Whenever any person wishes to proceed against any property upon which he has a lien, by virtue of this article, he may commence his suit in the ordinary form, and shall have judgment against the original debtor for the amount that shall be

found due him, and upon said judgment execution shall issue as in other cases for the sale of the property on which said lien has attached, and if said property does not satisfy said execution, other property of said defendant may be executed and sold to satisfy the same."

By this section the procedure to enforce such a lien is prescribed, and no provision is made for making any party a defendant in such proceeding, except the owner who contracted the debt. The judgment authorized is limited to the original debtor, with the further provision that execution thereon as in other cases shall issue, and if the property shall fail to satisfy the execution, other property of said defendant may be executed. The use of the words "other property of said defendant," when referring to the original debtor, evidences a clear intention of the Legislature that the property repaired or worked upon shall then belong to such original debtor, and shall be first exhausted before other property belonging to him shall be resorted to, thus clearly showing that the Legislature did not have in mind enforcing such a lien as against any one except the original debtor. Of course, under the uniform decisions, such a lien would be enforcable as against purchasers with notice thereof.

We are therefore of the opinion that the lien given and created by the statute is enforceable after possession of the automobile is voluntarily surrendered as to such owner for whom such repairs were furnished and work performed, and those with notice thereof, but not as to innocent purchasers without notice.

For the reasons stated, the trial court erred in upholding and enforcing the lien as against the appellant, who was concededly an innocent purchaser without notice. It follows that the cause should be reversed and remanded, with instructions to enter judgment for appellant in accordance with the views herein expressed, and

It is so ordered.

ROBERTS, C. J., and RAYNOLDS, J., concur.