119 P.2d 108

## UNIVERSAL CREDIT CO. v. PRINTY.

### No. 4631.

Supreme Court of New Mexico.

Nov. 18, 1941.

E. E. Young, of Roswell, for appellant.

Atwood & Malone, of Roswell, for appellee.

SADLER, Justice.

The question for decision is whether an automobile mechanic loses the lien reserved to him by 1929 Comp., § 82-401, for repairs on an automobile as against the conditional seller under a duly recorded conditional sales contract by consenting that such automobile be removed from his, the mechanic's, control or possession following completion of the repairs.

The question arose in a replevin suit by the assignee of the conditional sales contract against the defendant who made the

repairs on the automobile. The conditional purchaser was in default in the payment of the purchase money installments promised by the contract. Under its terms, this gave the seller the right to repossess the automobile.

During the period when the purchaser was lawfully in possession thereof, and on five different occasions, he took the automobile to the defendant's garage for repair jobs. On each occasion except the last, after completing the repairs, the defendant voluntarily redelivered possession of the automobile to the purchaser. On the last occasion, the defendant retained possession and upon demand of the plaintiff, holder of the conditional sales contract, accompanied by tender of an amount in excess of the last bill for repairs, refused to redeliver possession to the plaintiff as assignee of the sales contract until all repair bills were paid, claiming a lien to secure the entire amount. These facts were all stipulated and carried forward into the final judgment in the form of findings.

The court rendered judgment in plaintiff's favor for the sum of $250 as the value of the automobile (a Chevrolet truck), and in the alternative awarded plaintiff recovery of immediate possession of the truck upon payment of the amount of defendant's lien for his last repair work. The plaintiff does not contest payment of this item. He elected to receive the return of the truck and paid to the clerk of the district court the amount of defendant's latest lien less costs and less a nominal award of $1 as damages. The defendant prosecutes this appeal to secure a revision and correction of the judgment.

Whether the judgment is correct depends upon a proper construction of the lien statutes involved. 1929 Comp., § 82-401, provides: "All artisans and mechanics shall have a lien on things made or repaired by them for the amount due for their work, and may retain possession thereof until said amount is paid. Any person or corporation who repairs any motor vehicle or furnishes parts therefor, at the request or with the consent of any person lawfully in possession of any such motor vehicle, shall have a lien upon such motor vehicle or any part or parts thereof for the sum due for repairing the same, and for labor furnished thereon, and for all costs incurred in enforcing such lien and may detain such motor vehicle in possession until such lien be paid."

1929 Comp., § 82-407, provides: "Any lien acquired under the provisions of this law * * * shall become void, if the person entitled to the same shall consent that the property subject thereto be removed from his control or possession, except as against the person at whose request the repairs or parts were furnished and the labor performed."

Construction is called for only where the language employed is indefinite, contradictory or ambiguous. Where its meaning is clear and certain, no occasion for construction exists. So we find it here. The statute expressly declares that the lien

given the mechanic to secure the amount due for his work shall become void if he consents that the property be removed from his control or possession, "except as against the person at whose request the repairs or parts were furnished and the labor performed". It would seem, therefore, that unless the defendant can bring the plaintiff within the exception, he must fail in his claim of lien except for the last item thereof. As to all other items, he stipulates that after the work was done he voluntarily redelivered possession of the truck into the custody of the purchaser, at whose instance the repairs were made. The lien is expressly reserved to the defendant against the latter while the truck is lawfully in his possession. The reservation here is of no value since the purchaser lawfully has been dispossessed.

That the meaning we give the statute, being that carried on its face, is its true meaning, is abundantly supported by a review of the history of the statute dealing with this subject. It was first enacted January 2, 1852. It appears in its original form as Section 3333 of the 1915 Codification. An amendment thereof appears as Section 16 of Chapter 65 of the Laws of 1917. As originally enacted, the statute recognized the common law rule that to part with possession of the property repaired or made meant the loss of the lien. Cf. Bell v. Dennis, 43 N.M. 350, 93 P.2d 1003. Section 22 of the 1917 Act, however, wrought a modification of the rule in this respect. It provides: "Sec. 22. Any person acquiring a lien under the provisions of this article shall not lose such lien by reason of allowing the vehicle, animal or any other chattel upon which he has a lien by reason of allowing the same to be removed from the control of such person."

In construing this statute in Abeytia v. Gibbons Garage, 26 N.M. 622, 195 P. 515, we held that after possession is voluntarily parted with, the lien is limited to the owner and those with notice thereof and that it is ineffective as against innocent purchasers without notice.

Subsequently, Laws 1923, Ch. 24, amended the 1917 Act. Instead of permitting the artisan or mechanic to detain the motor vehicle "at any time it is lawfully in his possession" until all sums for repairs are paid, Section 1 of the 1923 Act provides: "All artisans and mechanics shall have a lien on things made or repaired by them for the amount due for their work, and may retain possession thereof until said amount is paid. Any person or corporation who repairs any motor vehicle or furnishes parts therefor, at the request or with the consent of any person lawfully in possession of any such motor vehicle, shall have a lien upon such motor vehicle or any part or parts thereof for the sum due for repairing the same, and for labor furnished thereon, and for all costs incurred in enforcing such lien and may detain such motor vehicle in possession until such lien be paid."

At the same time and in the same Act, the legislature amended L.1917, c. 65, § 22,

omitting the provision that the lien claimant should "not lose such lien by reason of allowing the vehicle * * * upon which he has a lien * * * to be removed from the control of such person". The amendment provides instead that if the lien claimant shall consent that the property be removed from his control or possession, "except as against the person at whose request the repairs or parts were furnished and the labor performed", the lien will become void. In view of these amendments, we should defeat the legislative purpose and intent by giving the statute any other meaning than that hereinabove accorded it. Wright v. Closson, 29 N.M. 546, 224 P. 483.

The defendant seeks to escape this conclusion on the theory of agency. He argues that the conditional seller impliedly clothes the purchaser with authority to order such work and repairs as may be necessary to keep the truck in condition to operate; points to the finding that the repairs in question were necessary to keep the truck in such condition; and insists the repairs should be viewed as having been made at the request of the plaintiff through his agent, the purchaser. The defendant thus would bring the plaintiff squarely within the exception contained in the statute.

The trouble with this argument is that there is nothing in the contract to sustain it. It is not claimed the plaintiff ever gave the puchaser oral or written authority outside the contract to order repairs. It is simply asserted that such authority arises by implication from the contract. This argument is made in the face of an express covenant in the contract on the part of the purchaser "to keep said property free of all taxes, liens and incumbrances".

We are unable to deduce from the contract the authority in the purchaser claimed under it. Accordingly, we must give to the statute the effect which its language so clearly demands. Pacific Nat. Agricultural Credit Corporation v. Hagerman, 40 N.M. 116, 55 P.2d 667. The contract was on record and the defendant was charged with notice of its contents even though without actual knowledge thereof. It follows from what has been said that the judgment reviewed must be affirmed.

It is so ordered.

BRICE, C. J., and ZINN, MABRY, and BICKLEY, JJ., concur.