390 P.2d 439

Roy OWEN, Trustee, Plaintiff-Appellee,

v.

WAUKESHA ENGINE AND EQUIPMENT COMPANY, Defendant-Appellant.

No. 7365.

Supreme Court of New Mexico.

March 16, 1964.

Baggett & Baggett, Farmington, Modrall, Seymour, Sperling, Roehl & Harris, Daniel A. Sisk, Albuquerque, for appellant.

Verity, Burr, Cooley & Jones, Farmington, for appellee

MOISE, Justice.

A question of priorities between a recorded chattel mortgage and a mechanics lien under our law as it existed prior to the adoption of the Uniform Commercial Code which became effective January 1, 1962, is here presented for decision.

Briefly stated, the undisputed facts are that plaintiff is the assignee of duly recorded chattel mortgages on certain engines on which defendant performed labor and furnished materials at the request of the mortgagor. Defendant had performed labor and furnished materials in connection with the repair of these engines on other occasions. It now claims liens for an amount totalling $7,716.84, representing labor performed and materials furnished to repair the engines the last time they came into its possession. On this last occasion it refused to release the engines without receiving payment of this amount. Plaintiff thereupon brought this replevin action. From a decision below holding plaintiff's mortgage security superior to defendant's mechanics lien, this appeal is prosecuted.

Defendant asserts that under the provisions of §§ 61–3–1 and 61–3–7, N.M.S.A. 1953, the lien acquired by it is superior to the claims of the mortgage security claimant, and that the trial court erred in concluding otherwise.

The pertinent parts of §§ 61–3–1 and 61–3–7 read as follows:

61-3-1. "All artisans and mechanics shall have a lien on things made or repaired by them for the amount due for their work, and may retain possession thereof until said amount is paid. * * *"

61-3-7. "Any lien acquired under the provisions of this law * * * shall become void, if the person entitled to the same shall consent that the property subject thereto be removed from his control or possession, except as against the person at whose request the repairs or parts were furnished and the labor performed. * * *"

These sections have been considered by this court on a number of occasions. However, in none of the prior cases were the facts like those here present. In both Universal Credit Co. v. Printy, 45 N.M. 549, 119 P.2d 108, and in Citizens Finance Co. v. Cole, 47 N.M. 73, 134 P.2d 550, the holder of the prior mortgage lien conceded the priority of the mechanics' or artisans' lien for repairs when possession had been retained.

Nevertheless, in Maulhardt v. J. D. Coggins Company, 60 N.M. 175, 288 P.2d 1073, this court cited Universal Credit Co. v. Printy, supra, as support for the statement that, "It is definitely settled in this jurisdiction that a mortgagor may not, without the authority of the mortgagee, expressed or implied, create a lien on mort-

gaged property as to give it precedent over prior encumbrances." Even more recently, in Diamond Trailer Sales Co. v. Munoz, 72 N.M. 190, 382 P.2d 185, we said, "Maulhardt v. J. D. Coggins Co., 60 N.M. 175, 288 P.2d 1073, recognized a prior recorded chattel mortgage to be superior to an artisan's lien." Likewise, in Southwest Engine Company v. United States (C.A. 10, 1960) 275 F.2d 106, it was stated that, "It has long been the New Mexico rule that lien rights created by a prior mortgage become subordinated to those of a mechanic only where the mortgagee authorizes, expressly or impliedly, the chattel repair."

While we frankly recognize that the prior pronouncements by this court noted above may be described as dicta, since in none of the cases was the issue directly presented, we are not prepared at this late date to reconsider the problem. The question is one that has given courts much difficulty and different conclusions have been reached based on a variety of reasons. See notes in 32 A.L.R. 1005, 36 A.L.R.2d 229. Also see 90 U. of Pa. L. R. 910. However, in New Mexico, at least since the quoted pronouncement in Maulhardt v. J. D. Coggins Company, supra, the business community, both those lending money on chattel security and those performing labor and materials in repair of chattels, must have certainly proceeded with the understanding that the law was as there announced. When we further consider that

New Mexico has recently adopted the Uniform Commercial Code which contains provisions respecting priority of liens (§ 50A–9–310, N.M.S.A.1953) which would apply as to obligations created after its effective date on January 1, 1962, we can see no benefits to be derived from analyzing our statute to determine if the dicta was or was not correct.

We appreciate that "stare decisis" may not technically be applicable where the statements of the rule under discussion were made although not actually necessary to a determination of the issues present. Compare Rocky Mountain Life Insurance Company v. Reidy, 69 N.M. 36, 363 P.2d 1031. Nevertheless, the same considerations of certainty and stability make it desirable, under the circumstances here present, that we not depart from our previous pronouncements. Compare, McGrail v. Fields, 53 N.M. 158, 203 P.2d 1000; Public Service Co. of New Mexico v. General Electric Company (C.A. 10, 1963) 315 F.2d 306.

For the reasons stated the judgment is affirmed.

It is so ordered.

CARMODY and NOBLE, JJ., concur.